

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00089-CV

———————————————

ROGELIO REGALADO, Appellant

V.

SECURUS TECHNOLOGIES, Appellee

---

On Appeal from the 271st District Court
Jack County, Texas
Trial Court No. 21-11-118

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Rogelio Regalado, proceeding pro se, attempts to appeal from the trial court's refusal to appoint him counsel under Section 24.016 of the Texas Government Code in his civil suit against Securus Technologies. *See* Tex. Gov't Code Ann. § 24.016 ("A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause."). We are concerned that we lack jurisdiction over this appeal for two reasons. First, the trial-court clerk has informed us that the trial-court judge has not signed an order on Regalado's "Motion for Appointment of Counsel Pursuant to Tex. Gov't Code § 24.016." It thus appears that no final judgment or appealable interlocutory order exists in this case. *See* Tex. R. App. P. 26.1. Second, even if the trial-court judge had signed an order denying Regalado's motion, we would not have jurisdiction: such an order would not be a final judgment or appealable interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that our appellate jurisdiction is limited to appeals from final judgments and from interlocutory orders made immediately appealable by statute); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders).

We wrote to Regalado to notify him of these jurisdictional concerns, warning that unless he or any other party desiring to continue the appeal responded within ten days showing grounds for continuing the appeal, we could dismiss the appeal for want

of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Ten days have passed with no response.

Without a final judgment or appealable interlocutory order, we do not have jurisdiction over an appeal. We thus dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: May 11, 2023

3